UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN YARBERRY,

    Plaintiff,                                                  Case No. 1:12-cv-611

v.                                                         Black, J.
                                                            Bowman, M.J.

GREGG APPLIANCES, INC.,

    Defendant.                                       **MEMORANDUM OPINION**

This case is before the Court on Plaintiff's Motion to Review Clerk's Taxation of Costs. (Doc. 77) and Defendant's memorandum *contra.* (Doc. 78).

Plaintiff sued on August 8, 2012, alleging the Company discriminated against him because of his alleged disability, bipolar disorder, in violation of the Americans with Disabilities Act of 1990 ("ADA"). (Doc. 1.) On April 8, 2014, this Court issued a Report and Recommendation that hhGregg's motion for summary judgment should be granted, and Plaintiff's motion for summary judgment should be denied. (Doc. 56.) The undersigned found hhGregg was not aware Plaintiff was suffering from an alleged disability prior to its decision to terminate his employment. (*Id.* at Page ID # 1721). Furthermore, it was determined Plaintiff failed to make either a direct or indirect prima facie case based on existing Sixth Circuit precedent that a termination for bad behavior is appropriate even when caused by a disability, and established Sixth Circuit precedent providing the individual decision-maker must have knowledge of the disability. (*Id.* at PAGE ID ## 1724, 1726, 1729.) Finally, the undersigned concluded hhGregg had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment based on his behavior ("afterhours misconduct in the store, his multiple violations of store policy, and

1

his refusal to cooperate with Zimmerman's investigation"), and there was no evidence of pretext. (*Id.* at Page ID ## 1731-1733, citing Doc. 56 at Page ID # 1731).

On September 16, 2014, United States District Court Senior Judge Herman J. Weber agreed with, and wholly adopted the April 8, 2014, Report and Recommendation, granted hhGregg's motion for summary judgment, and denied Plaintiff's motion for summary judgment. (Doc. No. 64.) Plaintiff appealed the decision and on September 3, 2015, the Sixth Circuit Court of Appeals affirmed the District Court's Order granting summary judgment to Defendant. While the appellate court found Plaintiff met the threshold elements of a prima facie case, it affirmed summary judgment because: 1) the conduct-based reasons for termination were nondiscriminatory, and 2) hhGregg did not have to accommodate him after terminating him for misconduct. (*Id.* at p. 1.)

On July 6, 2016, the Clerk issued a Memorandum on Defendant's Bill of Costs allowing costs of $712.05 to Defendant. (Docs. 75-76).

Plaintiff now asks the Court to review the Clerk's taxation of costs and to issue an order denying the Bill of Costs in its entirety. Plaintiff's request is not well-taken.

Federal Rule of Civil Procedure 54(d)(1) states that "unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d). The award of costs under Rule 54 is limited to "the reimbursable costs to those enumerated in 28 U.S.C. § 1920." *Reger v. The Nemours Found.,* 599 F.3d 285, 288 (3rd Cir.2010). "[T]here is a 'strong presumption' that costs are to be awarded to the prevailing party." *Id.* (citing *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 462 (3rd Cir.2000)). Although Rule 54(d)

contemplates that the clerk of court will tax costs in favor of the prevailing party, this Court can review the Clerk's action upon motion by a party within 7 days. *Id.* (citing Fed.R.Civ.P. 54(d)(1)).

"A district court's review of the clerk's determination of costs is de novo." *Id.* (citing *In re Paoli,* 221 F.3d at 461). In reviewing the clerk's taxing of costs, the Court's review may be guided by a number of factors, including: "'(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them.'" *Id.* at 288 n3 (citing *In re Paoli,* 221 F.3d at 468).

The following factors must not be considered in reviewing the clerk's determination of costs: "'(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* (citing *In re Paoli,* 221 F.3d at 462). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* at 288 (citing *In Re Paoli,* 221 F.3d at 462–63, 468).

Here, Plaintiff argues that the Court should deny costs because Plaintiff acted reasonably and in good faith in filing and prosecuting this case and that awarding costs against a plaintiff alleging termination in violation of the Americans with Disabilities Act would prevent other litigants from pursuing their rights under the ADA.

Both arguments have been rejected by courts. *Reger,* 599 F.3d at 288 n3 (citing *In re Paoli,* 221 F.3d at 462, 468); see also *Popeil Bros., Inc. v. Schick Elec., Inc.,* 516 F.2d 772, 776 (7th Cir.1975) (stating that "[t]he mere fact that the unsuccessful party was an ordinary party acting in good faith and neither harassing its opponent nor abusing legal process is not sufficient to overcome the presumption that the prevailing party is entitled to costs").  Moreover, as noted by Defendant, there is no support for a chilling effect in this matter that is different from any other case brought by an individual alleging discrimination against an employer. In this regard, the Sixth Circuit rejected this premise *in Jones v. Continental Corp*, awarding costs against a losing civil rights plaintiff. 789 F.2d at 1233; see *also Johnson*, 2009 WL 275468, at *2 (awarding costs to prevailing defendant in ADA case, including costs for deposition transcripts) (citing Jones, 789 F.2d at 1233).

As detailed above, Rule 54(d) creates a strong presumption in favor of awarding said costs, and the undersigned finds that Plaintiff failed to meet his burden to overcome the strong presumption in hhGregg's favor.

Accordingly, the Court **DENIES** Plaintiff's Motion to reduce the taxation of costs in this case. (Doc. 77).

**IT IS SO ORDERED.**

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge